PEOPLE, PLAINTIFF AND APPELLEE, v. MONTAÑEZ ET AL., DE-
FENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution
for Assault and Battery.

No. 1990.—Decided February 19, 1923.

INFORMATION—WITNESSES—EXAMINING MAGISTRATE. — In accordance with sec-
tion 3 of the Code of Criminal Procedure, as amended by the Act of May
28, 1904, an information filed by a district attorney in the district court
is not defective because the witnesses on whose testimony it is based were
not examined under oath by him, but by a justice of the peace acting as an
examining magistrate.

ID.—PLEADING—ASSAULT AND BATTERY—INTENT.—An information for aggra-
vated assault and battery charges, although imperfectly, intent to inflict
bodily injury when the pertinent part of it avers that ''the * * * de-
fendants * * * unlawfully, wilfully and maliciously assaulted and bat-
tered * * * who was an officer of the law (insular policeman of Porto
Rico) in the discharge of his duties, the defendants knowing that the said
* * * was such policeman in the discharge of his duties, striking him
several blows with their fists and with sticks which produced several serious
wounds.''

ID.—ID.—ID.—TRANSCRIPT—EVIDENCE.—When the evidence is not included in
the transcript the Supreme Court is not in a position to decide whether or
not the district court erred in sentencing the defendants for simple assault
and battery, according to the verdict of the jury, when they were charged
with aggravated assault and battery upon the person of a public officer.

The facts are stated in the opinion.

Mr. R. Cuevas Zequeira for the appellants.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The District Attorney of Humacao presented an in-
formation against José Montañez, Juan Montañez, Manuel
Dávila, and Dámaso Ayala. At the foot of the document the
following appears: ''This information is based on the testi-
mony of witnesses examined under oath before the Justice
of the Peace of Fajardo and I solemnly believe that there is
just cause for presenting it to the court.'' In due time and
form the defendants pleaded that as the information was not
based on the testimony of witnesses examined by the district
attorney, it should be quashed. The district court ruled on

that question adversely to the defendants. The case was tried to a jury, who found Manuel Dávila not guilty, José and Juan Montañez guilty of simple assault and battery and Dámaso Ayala guilty of aggravated assault and battery. The court rendered judgment on the verdict and the defendants appealed to this court.

1. In their brief the appellants insist that the information should have been quashed because it was not presented in accordance with the law.

Undoubtedly the minds of the appellants were fixed on sections 71 and 72 of the Code of Criminal Procedure. A part of the form of an information given in section 72 is as follows: "I hereby certify that the above information is filed based upon the sworn testimony of witnesses examined before me, * * *." But section 70, which might be invoked also in support of the contention of the appellants, refers to section 3 of the said code which, as amended by the Act of May 28, 1904, provides that "Every offense of which the district court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit, which shall be sufficient if it states that the information is based upon the testimony of witnesses, sworn before him, *or upon the testimony of witnesses taken before an examining magistrate, * * *.*" (Italics volunteered.)

It is not necessary to review the jurisprudence. The law settles the question in favor of the validity of the information.

In order to explain why the district court had original jurisdiction of this case of misdemeanor, see Act No. 84 of July 22, 1919, to amend section 178 of the Code of Criminal Procedure and giving the right to trial by jury in some cases of misdemeanor.

2. The second question raised is that as it is not alleged expressly in the information that the defendants committed

the assault and battery with the intent to inflict bodily injury, it is not sufficient and should have been quashed.

In its pertinent part the information reads as follows: "the * * * defendants * * * unlawfully, wilfully and maliciously committed assault and battery upon the person of Trinidad Rosario, who was an officer of the law (insular policeman of Porto Rico) in the discharge of his duties, the defendants knowing that the said Trinidad Rosario was such policeman in the discharge of his duties, by striking him various blows with their fists and with cudgels which produced several serious wounds."

Section 1 of the Act of 1904 to define and punish assault and battery reads as follows: "The use of any unlawful violence upon the person of another with intent to injure him * * *, is an assault and battery." Section 6 of the same Act determines the cases in which the crime shall be considered aggravated assault and battery. There are ten of them. The first is "when committed upon an officer in the lawful discharge of the duties of his office * * * ," and the ninth is "when committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

There is no doubt that the information expressly charges the aggravating circumstance described in subdivision 1 of section 6 of the Act. The question is whether a simple assault and battery as defined by the law is formally charged. Section 1 of the Act employs the words "with intent to injure him." These words are not expressly used in the information. The district attorney should have used them. Special care should be taken in the drafting of an information. Purity of procedure and respect for the rights of the defendant and for the law require it. Nothing should be left to inference that can be expressly stated with little effort.

However, in our opinion the error committed is not fatal so as to render the information wholly void, for from its

language any person of common intelligence may deduce that the defendants committed assault and battery upon the officer with the intention of injuring him, as they *struck him various blows with their fists and with cudgels which produced several serious wounds.* The Dictionary of the Royal Spanish Academy defines *asestar* (to aim, point, strike, discharge, fire) as follows: "To direct a weapon, or something that may serve its purpose, towards the object desired to be threatened or harmed therewith. To point a gun, a lance. To discharge against an object a projectile or the stroke of a weapon, or what may serve its purpose. To fire a shot, to strike with a knife, a stone or the fist. (Fig.) To shoot, *to attempt to injure another.*" The act was wilful and malicious, and it is not conceivable that a person may assault and wound another wilfully and maliciously by striking him with the fists and with cudgels and producing serious wounds without the intention of injuring him.

We are entirely in accord with the jurisprudence cited by the appellants to the effect that it is essential to allege intent to injure. Our decision is that, although done imperfectly and in a form not to be recommended, such intent was alleged. Some of the cases cited by the appellants refer to assault and battery with the aggravating circumstance defined in subdivision 9 of section 6 of the Act to which we have referred. The specific allegation of premeditated design and the use of means calculated to inflict great bodily injury is absolutely necessary in such cases, because that particular design is what constitutes the aggravating circumstance. In this case the aggravating circumstance was different.

In the case of *People* v. *Astacio,* 23 P. R. R. 783, this court, by Mr. Justice Aldrey, expressed itself as follows:

"There is no doubt that according to the Act of March 10, 1904, repealing section 237 of the Penal Code and defining and punishing simple assault, simple assault and battery, aggravated assault and

aggravated assault and battery, the intent to injure is an essential element to the offense of assault and battery, but as intent is a state of the mind it may be deduced from the acts committed, and for" this reason section 12 of the Penal Code provides that a guilty intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused, and is presumed from the manner and deliberation with which an unlawful act is intended or committed for the purpose of injuring another. To show intent it is sufficient to prove that the bodily injury was the result of the unlawful act of another person, because the law presumes that a person intends the ordinary consequences of his voluntary acts. Subdivision 3 of section 102 of the Law of Evidence. Consequently, in order to determine whether the appellant was actuated by guilty intent when he caused the injury to Monserrate Padilla, it becomes necessary to state how the facts resulting in her injury occurred.''

The court then analyzes the evidence and concludes that it showed the guilty intent.

It is true that the question in this case was raised by demurrer, but the principle is the same. A demurrer admits that the allegations are true. In our opinion if the evidence showed that the acts were committed in the manner alleged in the information, the intent to injure on the part of the defendants would stand out clearly.

3. The appellants finally maintain that the district court erred in sentencing Juan and José Montañez for simple assault and battery when they had been charged with aggravated assault and battery.

The evidence was not included in the transcript. It was heard by the jury. The judgment was rendered in accordance with the verdict. We are not in a position to decide the question raised.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf concurred in the judgment.

CONCURRING OPINION OF MR. JUSTICE WOLF.

I concur, but I cannot agree that the word "*asestar*" implies by itself and necessarily the "intent to injure." My understanding is, and the dictionary apparently shows, that "*asestar*," as a transitive verb, means in the connection used the same thing as "*dar*." On the other hand the intent may be presumed from the facts, section 12 Penal Code, and when an information or complaint sets up facts from which an intention is presumed and its absence negatived, that is all that should be required of a prosecutor. It would be much better practice to allege the intent specifically, but in the present case I cannot see how an absence of intent could arise without disproving one or more of the other facts set up.